# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

UNITED STATES OF AMERICA,

v.

SHELDON JOHN KENNEDY,

    Defendant.

CASE NO.: 4:19-cr-168

## PRELIMINARY ORDER OF FORFEITURE

WHEREAS, on October 1, 2019, a federal grand jury sitting in the Southern District of Georgia returned a one-count Indictment against Defendant Sheldon John Kennedy (hereinafter, the "Defendant"), charging him with violating 21 U.S.C. § 841(a)(1) (Count One – Distribution of a Controlled Substance- Tramadol); 21 U.S.C. § 843(b) (Count Two – Use of a Communication Facility (Mail)); 21 U.S.C. § 841(a)(1) (Count Three – Possession with Intent to Distribute a Controlled Substance (Tramadol)); 21 U.S.C. § 841(a)(1) (Count Four – Distribution of a Controlled Substance- Tapentadol)); 18 U.S.C. § 924(c) (Count Five – Possession of a Firearm in Furtherance of a Drug Trafficking Crime); 18 U.S.C. § 922(g)(1) (Count Six – Possession of a Firearm by a Prohibited Person); 18 U.S.C. § 922(g)(1) (Count Seven – Possession of Ammunition by a Prohibited Person);

WHEREAS, the Indictment sought forfeiture pursuant 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), of any firearm and ammunition involved in the commission of the charged offense;

WHEREAS, on February 7, 2020, pursuant to a written plea agreement, Defendant pled guilty to Count Two, Count Four, and Count Seven of the Indictment charging a violation of 21 U.S.C. § 843(b); 21 U.S.C. § 841(a)(1) 18 U.S.C. § 922(g)(1);

WHEREAS, pursuant to the plea agreement, Defendant agreed to forfeit to the United States all right, title and interest in the following:

- 46 rounds of .45 caliber ammunition
- 101 rounds of 9 mm ammunition
- Body Armor in tactical holder
- One AR Style Palmetto State Armory Rifle with no serial number visible
- 30 rounds of .223 ammunition and AR magazine
- 32 Round extended Glock magazine
- Miscellaneous gun parts- Jigs and Scope
- One Lenovo Computer S/N CBU8706975
- Apple Mac Book S/N W88123CHYJX
- Samsung SSD HD S/N S1SMNSAFC20732F
- Apple Mac Book S/N W89502NM7XK
- Computer Tower S/N 4514RTL0916072623
- 5 Thumb drives
- HP laptop S/N CND641136K
- Samsung SSD HD S/N S21TNXAG712783Y
- Samsung Nexus Tablet- No Serial Number
- Adata UV14016 GB Flash Drive
- Hitachi HD S/N RE07D21B
- WD Hard Drive S/N WNQ244801655
- Mac Book Mini S/N C07G4G96DJD0
- Toshiba laptop S/N XF9872835
- Mac Book Mini S/N C07JGDDPDWYN
- Apple Computer S/N D25N2051F8J8
- 4 Sim Cards
- 2 SD cards and 2 adapters
- 10 thumb drives
- one Yubico digital key S/N 9861719 and WF token
- and one digital key with S/N 9861719 and wf dongle

(hereinafter, the "Subject Property"); and

WHEREAS, pursuant to his plea agreement, Defendant agreed to waive the requirements of Federal Rules of Criminal Procedure 32.2, and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment without further order of the Court.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. Pursuant 18 U.S.C. § 924(d), 28 U.S.C. § 2461(c), and Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, the Government has established the requisite nexus between the above-described Subject Property and the offense committed by Defendant, and the Subject Property is hereby forfeited to the United States.

2. Upon entry of this Order, the Attorney General (or a designee) is authorized to commence any applicable proceeding to comply with statutes governing third-party rights, including giving notice of this Order.

3. Any person, other than the above-named defendant, asserting a legal interest in the Subject Property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the Subject Property, and for an amendment of the order of forfeiture, pursuant to 28 U.S.C. § 2461(c).

4. Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Preliminary Order of Forfeiture shall become final as to Defendant at the time of sentencing and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

5. Any petition filed by a third party asserting an interest in the Subject Property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner=s right, title, or interest in the Subject Property, the time and circumstances of the petitioner=s acquisition of the right, title or interest in the Subject Property, and any additional facts supporting the petitioner=s claim and the relief sought.

6. If a petition is filed by a third party, and after the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

7.      The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests, or if none, following the expiration of the period provided in 21 U.S.C. ' 853(n)(2) for the filing of third-party petitions.

8.      The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

**SO ORDERED**, this 17th day of November, 2020.

_____
R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA